F. J. EGNER & SON, INC., APPLICATION OF, IN RE.

(No. 34392—Decided May 31, 1967.)

OPINION AND ORDER

This day after full hearing, due notice of the time and place of which was given to all parties in interest, by publication and otherwise as provided by law, this matter came on for consideration upon the application of F. J. Egner & Son, Inc., to amend Certificate No. 7375-I by adding thereto the right to furnish the following service:

"Transportation of asphalt pavement surface sealer compound, in bulk, in tank vehicles, over irregular routes, from and to all points in Wayne County, Ohio."

The report and recommendation of Attorney Examiner Gerald P. Wadkowski, filed April 13, 1967; and the record made upon said hearing, and being otherwise fully advised in the premises, issues its opinion and order pursuant to Section 4903.09, Revised Code.

OPINION:

The commission hereby adopts as its own the portions of the Attorney Examiner's Report "Nature of the Application," and "Summary of the Evidence."

The commission does not concur in the "Discussion" as contained in the *Attorney Examiner's Report*. The applicant is seeking to amend its certificate to authorize service from and to the plant facilities of Cosmicoat, Inc., located in Wayne County, Ohio.

While there was some evidence of a need by the supporting shipper, Cosmicoat, Inc., for the services sought to be provided by this application, that demand was indicative of contract carriage and the total evidence of record as to a need of the general public for service was at best negligible and insufficient upon which to predicate a grant of common carrier authority, and this application should be denied. See *Application of E. C. Jones, Inc.*, Case No. 33,767, *Application of Frank Williams Transport and Storage Company*, Case No. 33,666 and *Application of Trowbridge Storage Company*, Case No. 33,785, Order dated September 26, 1966, where similar situations existed.

COMMISSION'S FINDINGS:

The commission being fully advised in the premises now finds that:

(1) The application, publication and all requirements of the commission are in proper form.

(2) The commission has jurisdiction to hear and determine the issues presented herein.

(3) The applicant is a proper party to whom authority may be granted.

(4) The application failed to establish public convenience and necessity for the authority sought.

(5) A granting of the within application would be inconsistent with the declared policy and purpose of the law regulating transportation by motor vehicle.

ORDER:

It is, therefore,

ORDERED, That the report of the attorney examiner dated April 13, 1967, is hereby adopted only to the extent set forth herein. It is, further

ORDERED, That the application of F. J. Egner & Son, Inc., to amend Certificate No. 7375-I be and hereby is denied.

THE PUBLIC UTILITIES COMMISSION OF OHIO

Carl R. Johnson

Chairman

Kenneth B. Johnston

Jay C. Flowers

Commissioners

Entered in the Journal

May 31, 1967